B. F. FAIRLESS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HOWARD T. SHAEFFER, EXECUTOR OF THE LAST WILL AND TESTAMENT, AND PAUL H. SHAEFFER, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF MILTON SHAEFFER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. D. DONOVAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELTON RICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EMMA C. JACOBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. A. BUCHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES A. LAMONT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE D. HARTER BANK OF CANTON, OHIO, EXECUTOR OF THE LAST WILL AND TESTAMENT OF W. C. LAIBLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27912, 28140, 31414–31418, 31594.
Promulgated March 18, 1930.

*Albert B. Arbaugh, Esq.*, for the petitioners.
*J. A. Lyons, Esq.*, and *J. E. Mather, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioners challenge the determination of the respondent on five grounds: (1) That section 280 of the Revenue

Act of 1926 is unconstitutional; (2) that they are not transferees of the Union Finance Co. within the meaning of section 280 of the Revenue Act of 1926; (3) that they are not liable as transferees because the record does not show that the respondent has exhausted his remedies against the Union Finance Co.; (4) that there is no deficiency in tax for the year 1922 on the part of the Union Finance Co., and (5) that the Metropolitan Securities Corporation is primarily liable for all unpaid taxes of the Union Finance Co. The issues will be discussed in the order in which they are stated.

While the petitioners raise the question of the validity of section 280 of the Revenue Act of 1926, at the hearing they declined to argue or press it in view of the decision of this Board in *Henry Cappellini*, 14 B. T. A. 1269, in which it was held that a taxpayer may not seek a redetermination by the Board under section 280 of the Revenue Act of 1926 and at the same time question its validity. That is what the petitioners have done in these proceedings, and on the authority of the *Cappellini* case we hold that the petitioners, having appealed to the Board from the determination of the respondent, have waived the right to attack the constitutionality of the law under which the appeal is taken.

We are unable to perceive any merit in the petitioners' contention that they are not transferees of the Union Finance Co. The evidence clearly establishes the contrary. It shows that after the transaction between the Union Finance Co. and the Metropolitan Securities Co., the Union Finance Co. was possessed of assets, consisting of shares of the preferred stock of the Metropolitan Securities Co., of the value of more than $500,000, and that these assets were distributed among the petitioners and the other stockholders of the Union Finance Co. in liquidation of that corporation. It is, therefore, clear, that the petitioners are transferees of the Union Finance Co. and that they are severally liable for the unpaid taxes of that corporation to the amount of the taxes or the value of the assets received in liquidation, whichever is lesser. *Grand Rapids National Bank*, 15 B. T. A. 1166; *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218.

The third contention of the petitioners is that the respondent is required to proceed against the Union Finance Co. for collection of the taxes due from it and to exhaust his remedies against that company before he can proceed against the petitioners as transferees. In support of their contention they cite *Phil Gleichman*, 17 B. T. A. 147. In that case the transferor was still in existence and there was nothing in the record to show that it did not have assets to pay the tax, and we do not consider the decision therein applicable here.

The evidence in this case establishes that the Union Finance Co. liquidated its assets in 1923 and that its charter was forfeited in February, 1925. From early in 1923 it was only a shell without assets or capital stock, and upon the forfeiture of its charter it ceased to exist; and it may be assumed that the respondent was aware of that situation when he mailed the deficiency letters on March 8, 1925, and subsequent thereto. We do not believe that under the circumstances the respondent was required to institute proceedings against the transferor, which would obviously be useless and futile, before he could proceed against the petitioners. It is sufficient that he has proceeded against the transferees within the time prescribed by the statute therefor. *Woodley Petroleum Co. et al.*, 16 B. T. A. 253; *Angier Corporation*, 17 B. T. A. 1376.

The petitioners also urge that the respondent erred in disallowing a deduction of $62,484.14 taken by the Union Finance Co. in computing its net income for 1922 on account of debts claimed to have become worthless in that year. They say that the deduction should have been allowed and that the Union Finance Co. had no taxable income for the year 1922. The respondent having disallowed the deduction, the burden of showing that it was proper and should have been allowed is upon the petitioners. While it is clear that the books of the Union Finance Co. were not closed at the end of the year 1922, and that there was no formal charge-off on the books of the debts in question, we are not disposed to quibble over that omission in view of the fact that the debts were deducted on the return. *George H. Fraser*, 6 B. T. A. 997. But we are not satisfied from the evidence that the debts actually became worthless in 1922. Furthermore, they were among the assets transferred by the petitioners to the Metropolitan Securities Co. on January 4, 1923. On this point the respondent's determination is approved.

The last contention of the petitioners is that the Metropolitan Securities Corporation is primarily liable for the taxes involved herein and for that reason the redetermination of the liabilities of the petitioners should be held in abeyance until the Board has decided whether the deficiencies have been or can be collected from the Metropolitan Securities Corporation. We have this day decided in the case of the Metropolitan Securities Corporation, that the Metropolitan Securities Co., which acquired the assets of the Union Finance Co., is not liable for the taxes involved herein. That decision disposes of the fifth contention of the petitioners.

The record herein establishes that the petitioners are transferees of the Union Finance Co. and that each of them received on the liquidation of that company assets of a value in excess of the amount of

the deficiency the respondent proposes to assert against him as such transferee. The determination of the respondent must, therefore, be sustained.

Reviewed by the BOARD.

*Judgment will be entered for the respondent.*